(174 App. Div. 185)

### DOWLING et al. v. WHITMAN et al.

### In re PATTERSON.

(Supreme Court, Appellate Division, First Department. July 7, 1916.)

1. STATES ⬅27—LEGISLATIVE DISTRICTS AND APPORTIONMENT—NUMBER OF SENATORS.

Under Const. art. 3, § 3, providing that the ratio for apportioning senators shall always be obtained by dividing the number of inhabitants, excluding aliens, by 50, and the senate shall always be composed of 50 members, except that, if any county having three or more senators at the time of any apportionment shall be entitled on such ratio to an additional senator or senators, such additional senator or senators shall be given to such county in addition to the 50 senators, and the whole num-

ber of senators shall be increased to that extent. Where, by the apportionment of 1907, the county of Kings, having more than three senators, had the full ratio for another senator, and the number of senators was increased to 51, and by the census of 1915 the county of Kings had the ratio for the same number of senators as by the apportionment of 1907, and no other county having more than three senators had a full ratio for an additional senator, the full number of senators under the apportionment by Laws 1916, c. 373, should have been only 50.

[Ed. Note.—For other cases, see States, Cent. Dig. §§ 28–33; Dec. Dig. ☞27.]

2. STATUTES ☞64(2)—VALIDITY—EFFECT OF PARTIAL INVALIDITY.

Laws 1916, c. 373, apportioning 51 senators, instead of 50, as required by Const. art. 3, § 3, will be *held* invalid only as to the apportionment of 2 senators to a county whose ratio of population is sufficient only to support an apportionment of 1 senator.

[Ed. Note.—For other cases, see Statutes, Cent. Dig. §§ 59, 105; Dec. Dig. ☞64(2).]

3. STATES ☞27—LEGISLATIVE DISTRICTS—APPORTIONMENT—VALIDITY.

The creation of a number of senatorial districts by Laws 1916, c. 373, differing in population from contiguous districts respectively by approximately twice the population of a marginal city block, is not such a violation of the provision that city blocks which by their situation may be included in either of two districts shall be so placed as to make the districts nearly equal, as to invalidate the whole apportionment.

[Ed. Note.—For other cases, see States, Cent. Dig. §§ 28–33; Dec. Dig. ☞27.]

Appeal from Special Term, New York County.

Petition by Robert E. Dowling and others to review Laws 1916, c. 373, being the present apportionment of the state into senate and assembly districts, against Charles S. Whitman and others, and petition by Richard C. Patterson for the same purpose. From orders of the Special Term dismissing the petitions on the merits on questions of law only, the petitioners appeal. Reversed in part, and affirmed in part.

Argued before CLARKE, P. J., and SCOTT, DOWLING, SMITH, and PAGE, JJ.

William A. McQuaid, of New York City (D. Cady Herrick, of New York City, of counsel, and Edgar M. Cullen, of Brooklyn, and Robert L. Luce and James A. Foley, both of New York City, on the brief), for appellants.

Ellwood M. Rabenold, of New York City, for petitioner Patterson.

William B. Carswell, of New York City, for petitioner-intervener.

Egburt E. Woodbury, Atty. Gen. (Elon R. Brown, of Watertown, of counsel, and Merton E. Lewis, of Rochester, and Leonard J. Obermeier, of New York City, on the brief), for respondents.

PER CURIAM. [1] The proceeding was instituted by an order to show cause upon a petition attacking the apportionment made by chapter 373 of the Laws of 1916, asking that the same be reviewed and that the said apportionment be adjudged unconstitutional and void. Jurisdiction is conferred upon this court by section 5 of article 3 of the Constitution:

☞For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

"An apportionment by the Legislature, or other body, shall be subject to review by the Supreme Court, at the suit of any citizen, under such reasonable regulations as the Legislature may prescribe."

The apportionment act provided for 51 senators. The appellants claim that the total number of senators should be 50, and not 51. By the Constitution of 1894, in section 3 of article 3, it was provided:

"The state shall be divided into fifty districts to be called senate districts, each of which shall choose one senator."

And it proceeded to define the 50 senate districts. Section 4 provided:

"An enumeration of the inhabitants of the state shall be taken under the direction of the secretary of state, during the months of May and June, in the year 1905, and in the same months every tenth year thereafter; and the said districts shall be so altered by the Legislature at the first regular session after the return of every enumeration, that each senate district shall contain as nearly as may be an equal number of inhabitants, excluding aliens, and be in as compact form as practicable, and shall remain unaltered until the return of another enumeration, and shall at all times consist of contiguous territory, and no county shall be divided in the formation of a senate district except to make two or more senate districts wholly in such county. No town, and no block in a city enclosed by streets or public ways, shall be divided in the formation of senate districts; nor shall any district contain a greater excess in population over an adjoining district in the same county, than the population of a town or block therein adjoining such district. Counties, towns or blocks which, from their location, may be included in either of two districts, shall be so placed as to make said districts most nearly equal in number of inhabitants, excluding aliens.

"No county shall have four or more senators unless it shall have a full ratio for each senator. No county shall have more than one-third of all the senators; and no two counties or the territory thereof as now organized, which are adjoining counties, or which are separated only by public waters, shall have more than one-half of all the senators.

"The ratio for apportioning senators shall always be obtained by dividing the number of inhabitants, excluding aliens, by fifty, and the senate shall always be composed of fifty members, except that if any county having three or more senators at the time of any apportionment shall be entitled on such ratio to an additional senator or senators, such additional senator or senators shall be given to such county in addition to the fifty senators, and the whole number of senators shall be increased to that extent."

By the apportionment of 1907 the county of Kings, having more than 3 senators, to wit, 7, had in addition the full ratio for another senator, and, under the provision of the section quoted, an additional senator was given to such county, and the whole number of senators was thereby increased to 51. It is the claim of the respondents that thereby the number of senators was permanently increased to 51, although it is admitted the senatorial ratio was still to be obtained by dividing the whole number of inhabitants of the state, excluding aliens, by the number 50. The ratio obtained according to the constitutional formula by dividing the whole number of inhabitants of the state, excluding aliens, namely, 8,059,515, by 50, results in the senatorial ratio of 161,190. Upon that ratio the county of Kings, having a citizen population of 1,441,221, is entitled to eight senators, the same number it had under the apportionment of 1907. Erie, Kings, and New York counties were the only counties having under the 1907 apportionment

3 or more senators. None of those counties have the requisite citizen population to support the number of senators allotted in 1907 and in addition a full ratio thereby entitling it to an additional senator under the apportionment of 1916. Nevertheless the act provides for 51 senators, and has increased the senate representation of Westchester county from 1, as it was under the apportionment of 1907, to 2, although its population is only 273,069, or 49,311 less than would be required to authorize 2 senators. The claim is: Kings county was entitled to an additional senator in 1907, making 8 in all; while it is by its population entitled this year to 8 under the full ratio formula, 1 of those 8 is the additional senator permanently added to the number of senators in 1907; the Legislature therefore had the right to apportion 43 other senators to the rest of the state, 1 of whom it determined to allot to Westchester county.

We find no warrant in the Constitution for such contention. The ratio is fixed:

"The ratio for apportioning senators shall *always* be obtained by dividing the number of inhabitants, excluding aliens, by 50."

It is then provided:

"And the senate shall *always* be composed of 50 members."

Then comes the exception:

"Except that if any county having three or more senators *at the time of any apportionment* shall be entitled on such ratio to an additional senator or senators."

"At the time of any apportionment" means precisely what it says. Such apportionment, applied to the facts of this case, was this year, 1916, and at this time no county having 3 or more senators had population enough to furnish a full ratio for an additional senator. The ratio necessarily changes from one decade to another as the population of the state increases. Permanency in the number of senators, to wit, 50, was provided for; but in order to prevent a cutting down of senatorial representation in the smaller counties the exception was inserted, in order to prevent a denial of representation to a full senatorial ratio at any apportionment by providing for an additional senator, so as not to interfere with the general scheme of the senatorial plan. Any reading of this clause, as it seems to us, which would make the additional senator a permanence, might increase the number of senators to 52, 53, 54, or 55, or more, as the case may be, and so would be in conflict with the emphatic provision that the ratio shall always be obtained by dividing the number of inhabitants by 50 and the senate shall always be composed of 50 members.

[2] As it seems to us, we start with the flat proposition that there shall be 50 senators. As the enumeration of inhabitants is to take place at each 10-year interval, and as the apportionment is to be based upon that enumeration at the end of each decade, then, if any county with 3 or more senators shall have a full ratio of inhabitants left over, they are to be represented by the additional senator. But that additional senator was not permanent, and would be eliminated upon a

new apportionment, if the facts then existing did not call into existence the constitutional provision. It seems to us, therefore, that the apportionment was clearly unconstitutional in providing for 51, instead of 50 senators, and in increasing the representation of Westchester county from 1 to 2. But we do not think that this requires the condemnation of the whole apportionment, as the unconstitutional provision is not so connected with the whole scheme as to destroy it, if eliminated. Nor will the county of Westchester fail of senatorial representation, because by article 3, § 3, of the Constitution it is entitled to 1 senator. As the provision of the act under consideration providing for 2 senators is invalid, that constitutional provision is unaffected, and ex proprio vigore will still be in force and effect.

The appellants further object that certain senatorial districts in the county of Kings and in the county of New York do not comply with the constitutional provisions as to contiguous territory. In view of the approval by the Court of Appeals (Matter of Sherrill v. O'Brien, 188 N. Y. 185, 81 N. E. 124, 117 Am. St. Rep. 841) of the apportionment of 1907, we think there is no such violation of the constitutional provision in that regard as requires us to declare the whole apportionment null and void.

[3] It is further objected that because the Twelfth senatorial district has a population of 164,103, which is 1,377 more than the Thirteenth, while a marginal block contains 636 inhabitants, and the Fourteenth district has 1,059 more inhabitants than the Sixteenth, while a marginal block contains 530, and the Fifteenth district has 516 more inhabitants than the Thirteenth, while a marginal block contains 333, and the Twelfth district has 236 more inhabitants than the Fourteenth, while a marginal block has 131, and the Fifteenth district has 1,016 more inhabitants than the Thirteenth, while a marginal block has 654, therefore the provision that "blocks which from their location may be included in either of two districts shall be so placed as to make said districts most nearly equal in number of inhabitants" has been violated. While we regret that the provision should not have been more closely observed, yet we do not think that for such discrepancies the whole apportionment should be declared void.

Appellants further object to the apportionment of members of assembly. We have carefully considered this matter, and have reached the conclusion that the result reached by the Legislature was in strict accordance with the constitutional provisions.

The orders appealed from should therefore be reversed on the law, and the apportionment declared invalid in so far as it provides for 51 senators, and allots 2, instead of 1, to Westchester county, and valid in all other respects. Settle orders on notice.